Stanard, J.
The evidence on which the instruction was moved utterly fails to shew any contract of the defendant, express or implied, prior or subsequent to the rendition of the services and the furnishing the supplies *423 to the ward, on which the claim of the plaintiffs is founded. On the contrary, it shews that if there was any contract for those services and supplies, it was made by the former guardian, and that the services and supplies were rendered and furnished before the defendant became guardian. Unless the law devolved the responsibility arising from the contract of a prior, on a subsequent guardian, the action, so far as it counts on a contract express or implied for those services and supplies, cannot be supported. That the law does not devolve such responsibility on the successor guardian, is, I think, free from all doubt. The action therefore, upon the evidence that was offered, could not be sustained on any of the counts of the declaration alleging an assumpsit of the defendant for those services and supplies. Had there been proof that the fund properly applicable to the support and education of the ward during the time that such support and education were supplied by the plaintiffs, had been uncollected by the former guardian, and had come to the hands of the defendant, or had been paid over by the administrator of the former guardian to the defendant, it might be urged that the plaintiffs were entitled to recover on the count for money had and received by the defendant to their use. Whether, if there had been such proof, it would in law have justified a recovery on that count, I give no opinion, nor have I formed one. There was no such proof, and the question does not arise. On the case made by the evidence, I entirely concur in the opinion of the other judges, that the court below erred in refusing to give the instruction moved by the defendant, and that the judgment must be reversed.
The judgment of the court of appeals was drawn by Baldwin, J. in the following terms :
The court is of opinion that Christopher Haskins was a competent witness on the trial before the jury, in the *424 proceedings mentioned, and that the circuit court propeily refused to exclude his testimony. But the court is further of opinion, that it appearing, from the bill of exceptions, to have been proved on said trial that the board, tuition, and other necessaries furnished by the defendants in error to the ward Eliza Redd, were so furnished, not at the request of the plaintiff in error, her last guardian, but at the request of Elizabeth Redd, her former guardian, and that there was no evidence tending to prove an express promise on the part of the plaintiff in error to pay the defendants in error therefor, the said circuit court erred in refusing to instruct the jury, on the motion of the plaintiff in error, that the action against him by the defendants in error for said board, tuition and other necessaries could not be maintained. The judgment is therefore reversed with costs, the verdict set aside, and the cause remanded for a new trial.